IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOWARD MACK | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15cv202 |
| | § | |
| JASON SMITH, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Plaintiff Howard Mack, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.    Background**

Mack filed a motion for a temporary restraining order (Docket No. 6) complaining the Defendants Jason Smith and Tony Rust have been harassing and threatening him. On January 19, 2016, Mack states Smith and Rust verbally abused him with racial slurs and told him he was in their world and he had to do what they told him or he would find himself as "fish bait." Docket No. 6 at 2. Mack states that "every day when [he] come[s] off the building, [Smith or Rust] put[s] him on the fence threatening to take [him] to lock-up." *Id*. Mack contended this put his life in danger because other prisoners and officers might think he was a snitch. *Id*.

On January 26, 2017, the Magistrate Judge issued a Report (Docket No. 16) recommending Mack's motion for injunctive relief be denied. The Magistrate Judge concluded Mack failed to

show a substantial likelihood of prevailing on the merits of his claims or that he faced a substantial threat of irreparable injury.

## II. Mack's Objections

In his objections, Mack claims Smith and Rust have been harassing and threatening him with racial slurs. He alleges for the first time in his objections that Smith and Rust have been placing his life in danger by telling gang members he is their snitch. Mack asserts he is "stating the prerequisites for a temporary restraining order where he will prevail on the merits." He argues he has met the legal standards for the issuance of a temporary restraining order.

The four elements a plaintiff must establish to secure preliminary injunctive relief are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury if the injunction is denied outweighs any harm if the injunction is granted; and (4) the grant of an injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2001).

As the Magistrate Judge properly determined, Mack has offered nothing beyond conclusory assertions to show a substantial likelihood of success on the merits of his lawsuit. Conclusory allegations are insufficient to carry the burden of proof imposed upon persons seeking preliminary injunctive relief. *See Hunt v. Bankers Trust Co.*, 646 F.Supp. 59, 66 (N.D.Tex. 1986); *Hancock v. Essential Resources Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Rather, strict proof of each element is required before a preliminary injunction or temporary restraining order may issue. *Plains Cotton Cooperative Ass'n of Lubbock, Texas v. Goodpasture Computer Services Inc.*, 807 F.2d 1256, 1261 (5th Cir.), *cert. denied*, 108 S.Ct. 80 (1987).

Nor has Mack shown a substantial threat of irreparable injury if the requested injunctive relief is not granted. Mack's motion, filed on May 20, 2016, cites a threat made to

him the previous January, but does not indicate he actually suffered any harm over that extended period of time. As the Magistrate Judge stated, threats and verbal abuse do not amount to irreparable injury. *Powell v. Martinez*, 579 F. App'x 250, 2014 U.S. App. LEXIS 16308 (5th Cir., August 25, 2014). Although he claims the officers have been telling other prisoners he is a snitch, this issue was raised for the first time in his objections and is not properly before the district court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). In any event, this contention is conclusory and lacking in any supporting facts, and it does not show a substantial danger of irreparable injury; Mack does not allege any of the prisoners whom he claims received this information are in a position to harm him, much less that any have actually attempted to do so. Instead, he simply states "records from Telford Unit and state court in Bowie County will show clear signs of the incidents by gang members on this unit against the offenders as well as officers." This oblique statement is not sufficient to carry the burden of proof of showing entitlement to preliminary injunctive relief. *See Murillo v. Musegades*, 809 F. Supp. 924, 925 (S.D.Fla. 1981) (stating that the heavy burden of proof in justifying an injunction is wholly on the movant) (citing *Hardin v. Houston Chronicle Publishing Co.,* 572 F.2d 1106, 1107 (5th Cir. 1978)). Mack's objections are without merit.

### III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (requiring a district judge to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Plaintiff's motion for a temporary restraining order (Docket No. 6) is **DENIED**.

**SIGNED** this 27th day of March, 2017.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE